IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
CIVIL CASE NO. 2:10cv023

WINONA GAIL ANDERSON, )
)
      Plaintiff, )
)
      vs. ) **MEMORANDUM OF**
) **DECISION AND ORDER**
)
MICHAEL J. ASTRUE, )
**Commissioner of Social Security,** )
)
      Defendant. )
)

_____

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 9], and the Defendant's Amended Motion for Summary Judgment. [Doc. 12].

## I.    PROCEDURAL HISTORY

The Plaintiff, Winona Anderson, filed an application for a period of disability and disability insurance benefits on August 4, 2005, and an application for SSI benefits on January 18, 2006. [Doc. 10 p. 1]. These alleged that she had become disabled as of January 24, 2005. [Transcript ("T.") 84, Doc. 10 p. 2]. The Plaintiff's application was denied initially and on reconsideration. [T. 63-5, 72-5]. Plaintiff requested a hearing, but upon receiving notice of a hearing date, waived hearing and requested a

decision on the record for the closed period January 24, 2005 through July 29, 2006. [T. 32]. A hearing was held, notwithstanding this request, before Administrative Law Judge ("ALJ") Gregory Wilson on July 1, 2008. [T. 307-314]. Plaintiff did not attend, asserting her waiver of hearing through counsel. [T. 309]. On August 28, 2008, the ALJ issued a decision denying the Plaintiff benefits. [T. 14-21]. The Appeals Council accepted additional evidence, but denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. [T. 3-6]. The Plaintiff has exhausted her available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II.   STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, see Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

The Social Security Act provides that "[t]he findings of the

[Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). The Fourth Circuit has defined "substantial evidence" as "more than a scintilla and [doing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401, 91 S.Ct. at 1427).

The Court may not re-weigh the evidence or substitute its own judgment for that of the Commissioner, even if it disagrees with the Commissioner's decision, so long as there is substantial evidence in the record to support the final decision below. Hays, 907 F.2d at 1456; Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. THE SEQUENTIAL EVALUATION PROCESS

In determining whether or not a claimant is disabled, the ALJ follows a five-step sequential process. 20 C.F.R. §§ 404.1520, 416.920. If the claimant's case fails at any step, the ALJ does not go any further and benefits are denied. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

First, if the claimant is engaged in substantial gainful activity, the application is denied regardless of the medical condition, age, education, or work experience of the applicant. 20 C.F.R. §§ 404.1520, 416.920.

Second, the claimant must show a severe impairment. If the claimant does not show any impairment or combination thereof which significantly limits the claimant's physical or mental ability to perform work activities, then no severe impairment is shown and the claimant is not disabled. Id. Third, if the impairment meets or equals one of the listed impairments of Appendix 1, Subpart P, Regulation 4, the claimant is disabled regardless of age, education or work experience. Id. Fourth, if the impairment does not meet the criteria above but is still a severe impairment, then the ALJ reviews the claimant's residual functional capacity (RFC) and the physical and mental demands of work done in the past. If the claimant can still perform that work, then a finding of not disabled is mandated. Id. Fifth, if the claimant has a severe impairment but cannot perform past relevant work, then the ALJ will consider whether the applicant's RFC, age, education, and past work experience enable the performance of other work. If so, then the claimant is not disabled. Id.

## IV. THE ALJ'S DECISION

On August 28, 2008, the ALJ issued a decision denying the Plaintiff benefits. [T. 14-21]. Proceeding to the sequential evaluation, the ALJ found that the Plaintiff had not engaged in substantial gainful activity from January 24, 2005, the alleged onset date (AOD). Her date last insured

4

(DLI) was December 31, 2009. [T. 16]. The ALJ then determined that the Plaintiff had a severe combination of impairments, namely degenerative disc disease at L4-5, obesity, and borderline intellectual functioning. [T. 16]. The ALJ concluded that the Plaintiff's impairments did not meet or equal a listing. [T. 19]. He then determined that Plaintiff retained the residual functional capacity (RFC) to perform light work with postural limitations of frequent climbing, balancing, stooping, kneeling and crawling; and to perform detailed but not complex tasks in a low-stress non-production environment. [T. 19]. He found that Plaintiff was able to perform her past relevant work as an order detailer. [T. 21]. Accordingly, he concluded that the Plaintiff was not disabled from January 24, 2005 through the date of his decision. [T. 21].

V.  DISCUSSION

A.  **Procedural Considerations**

Plaintiff's counsel specifies no assignments of error in the memorandum.[1] Therein he only vaguely hints at defects in the ALJ's decision, and fails to assert what remedy he seeks. It does not indicate

---

[1] Counsel submitted the memorandum two days after the deadline therefor [Text Order of March 3, 2011], which had been extended at counsel's request [Doc. 8]. This issue has been addressed by a separate order that is being entered contemporaneously herewith.

5

what law might apply, or might have been misapplied by the ALJ.  Counsel does not even reference the Social Security Act itself.

Defendant's memorandum put counsel on notice of the serious defects in Plaintiff's memorandum and that it may be in violation of Rules 11(b)(1) and (2) of the Federal Rules of Civil Procedure.  Counsel, however, did not take the opportunity to file a response or amended brief to correct these defects.

The Court notes Defendant's restrained suggestion that Plaintiff has waived whatever arguments were available to her.  [Doc. 12-1 p. 3].  In support of this, he offers United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991), the notable passage from which is that "[j]udges are not like pigs, hunting for truffles buried in briefs."  Waiver, however, bars a party from advancing a position that has been asserted.  Where no position has been asserted, however, there is nothing to waive.

**B.    Substantive Considerations.**

In spite of the significant procedural defects in Plaintiff's submissions, the Court's jurisdiction has been invoked and it must determine whether the ALJ's decision followed applicable law and was supported by substantial evidence.

As described in Section IV above, the ALJ properly followed the five-

step sequential evaluation required under the Social Security Act. 20 C.F.R. §§ 404.1520(a)(4).

The Court's review confirms that the ALJ considered all evidence of record, properly assessing severity at step two and Listing considerations at step three.

He considered the Plaintiff's statements and lay statements obtained during the Agency's disability determination process. [T. 17]. From those sources and medical sources, he derived Plaintiff's assertions about pain and symptoms. To this evidence, he applied a proper credibility assessment, examining the evidence in accordance with 20 CFR 404. 1529, SSR 96-7p and the two-step process set out in Craig v. Chater, 76 F.3d 585, 591 (4th Cir. 1996). [T. 18-20]. Plaintiff's own choice to waive hearing in no way diminishes the ALJ's credibility assessment or the substantiality of the evidence supporting his findings. The ALJ's holding a hearing in spite of her waiver met the remedial and non-adversarial spirit of the Act, safeguarding against her acting against her own interests due to her intellectual impairments. Her failure to appear and testify does not shift applicable burdens of proof.

The ALJ discussed and properly weighed all medical opinion evidence. 20 CFR 404.1545(a)(3), 20 CFR 404.1527(d). He addressed

7

the emergency room reports from the period immediately after the workplace injury to her ankle and back which Plaintiff claims disabled her for a closed period of 17 months. [T. 17]. He discussed Dr. William D. Miller's spine treatment records, including evidence of malingering and her release at maximum medical improvement on June 29, 2006. [T. 17-8]. He noted Dr. W. Jim Miller's consultative psychological examination and its statement of relatively minimal functional limitations. [T. 17]. He also discussed the records of Atlanta Cardiology Group, primary care physician Dr. Carol Mixon, and Murphy Counseling Services, all of whom were treating non-disabling conditions. [T. 18]. No physician opined to any disabling limitations. From the evidence adduced as credible, the ALJ properly assessed and articulated a residual functional capacity (RFC) that is supported by substantial evidence.

The ALJ proceeded to obtain Vocational Expert (VE) testimony at the hearing attended by Plaintiff's then-counsel. No objection was lodged to the testimony, which was given in response to a hypothetical question that was proper in form and content, that Plaintiff could perform her past work as an order detailer. [T. 312]. The RFC that the ALJ found conforms to the hypothetical questioning of the VE. As such, the ALJ's reliance on that VE testimony was proper in finding at step four that the Plaintiff was not under

a disability, and his findings were supported by substantial evidence. 20 C.F.R. §§ 404.1520(a)(4)(iv)., *see* Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989).

## VI. CONCLUSION

For the foregoing reasons, the Court concludes that the ALJ applied the correct legal standards, and that there is substantial evidence to support the ALJ's finding of no disability from the date of onset to the date of his decision.

## O R D E R

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's Amended Motion for Summary Judgment [Doc. 12] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 9] is **DENIED.**

A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: August 10, 2011

Martin Reidinger
United States District Judge